The Honorable Benjamin H. Settle
Noted for Consideration: January 4, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NEIL YOUNG and MARGARET YOUNG, ) <br> ) <br>      Plaintiffs, ) <br> ) <br>  v. ) <br> ) <br> WN RAGLAND, Official No. 1162289, her ) <br> Engines, Furnishings and Appurtenances, <u>in rem</u>; ) <br> MANITOBA CORPORATION, and ) <br> MICHAEL M. MOORE, and the marital ) <br> community comprised of Michael M. Moore and ) <br> Jane Doe Moore, <u>in personam</u>, ) <br> ) <br>      Defendants. ) | IN ADMIRALTY <br><br> No. C07-1111BHS <br><br> ORDER FOR INTERLOCUTORY SALE OF DEFENDANT VESSEL WN RAGLAND PURSUANT TO SUPPLEMENTAL ADMIRALTY RULE E(9)(b) |

**ORDER FOR INTERLOCUTORY SALE OF DEFENDANT VESSEL
M/S PATRIOT PURSUANT TO SUPPLEMENTAL ADMIRALTY RULE E(9)(b)**

The defendant vessel WN RAGLAND, its engines, apparel, tackle, appurtenances, etc. (hereinafter "Vessel"), having been arrested by the U.S. Marshal on August 1, 2007, at the request of plaintiffs Neil Young and Margaret Young, pursuant to process issued by this Court, and the owner of the Vessel, Manitoba Corporation, having failed to file a verified statement of right or interest, and answer, on behalf of the Vessel pursuant to Supplemental Admiralty Rule (C)(6) of the Fed.R.Civ.P., and no person or entity having sought release of the Vessel pending the action pursuant to the procedures set forth in Supplemental Admiralty Rule E(5), and entry of default having been made by the Clerk against the Vessel and all lienors not having intervened, and *custodia legis* fees and

ORDER FOR INTERLOCUTORY SALE
(C07-1111BHS) — 1
DWT 2144625v3 0084286-000001

Davis Wright Tremaine LLP
L<small>AW</small> O<small>FFICES</small>
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

administrative expenses for the Vessel having been accruing, which expenses will reduce the amount of sale proceeds available to satisfy maritime lien claims, and the Vessel being subject to normal and unavoidable deterioration, decay, injury and the risk of emergency weather conditions by being detained in custody pending the outcome of the action, and the Court, having considered all the pleadings herein and the documents submitted in this matter, and good cause appearing therefor, it is hereby

ORDERED that, pursuant to Supplemental Admiralty Rule E(9)(b) and Local Admiralty Rule E(9)(b), the defendant Vessel WN RAGLAND, its engines, tackle, apparel, gear, electronics, bunkers, and other appurtenances to said Vessel appertaining or belonging, etc., whether on board or not, and all additions, improvements, renewals and replacements made to said Vessel, and all other necessaries thereunto appertaining and belonging, shall be sold at public auction by the Marshal for this District as is, where is, free and clear of any claims, liens, maritime liens, rights *in rem*, rights of redemption, or encumbrances whatsoever, on the notice as below further described; and it is further

ORDERED that the Marshal be directed to give public notice of public sale by advertising same in the Seattle Commerce Daily for a total of six (6) consecutive days prior to the date of sale, Sundays and legal holidays excluded; and it is further

ORDERED that all charges incurred by the Marshal and costs incurred by Plaintiffs Young for the advertisement of sale, shall be expenses of sale and administrative costs herein; and it is further

ORDERED that the form of Notice of Sale of the Vessel attached hereto as Exhibit A be and hereby is approved; and it is further

ORDERED that the Marshal and Substitute Custodian shall, upon reasonable notice and after the signing of a hold harmless agreement in favor of the United States, Marshal, Substitute Custodian and Plaintiffs Young allow prospective purchasers of the Vessel to board the Vessel at their own risk for purposes of reasonable inspection thereof; and it is further

ORDER FOR INTERLOCUTORY SALE
(C07-1111BHS) — 2
DWT 2144625v3 0084286-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

ORDERED that the sale shall be conducted at a date agreed upon by plaintiff and the Marshal, to be conducted at 10:00 a.m. at 4025 13th Ave. W., Seattle, Washington 98119; and it is further

ORDERED that the sale of the Vessel shall be conducted in the following manner:

(a) Sale shall be to the highest and best bidder, who, pursuant to applicable laws, is eligible to purchase and own said Vessel, including without limitation 46 U.S.C. § 31329, as implemented by Federal Regulations;

(b) All bidders will be expected to register with the Marshal before the sale;

(c) Prospective bidders are to be informed at the beginning of the sale that only valid bids may be made, and that anyone bidding without the ability to meet the requirements of this Order or any applicable statute, or who disrupts the sale, will be considered to be in violation of an Order of the Court, and will be subject to appropriate sanctions, including, but not limited to, the costs of the sale, any resale, and any additional *custodia legis* administrative expenses incurred as a result of said actions;

(d) Subject to the provisions of Paragraph (e) below, the highest and best bidder at the sale shall be required to deliver to the Marshal at the time of said sale, certified check, or cashier's check issued by a member bank of the Federal Reserve System, a deposit amounting to at least ten percent (10%) of the bid amount, and the balance to be paid in certified check, or cashier's check issued by a member bank of the Federal Reserve System to the Marshal before confirmation of sale or within three (3) days of the dismissal of any opposition which may have been filed, exclusive of Saturdays, Sundays, and legal holidays;

(e) Notwithstanding any of the foregoing provisions of Paragraph (d) above, or any other paragraph of this Order, plaintiff Young may credit bid at said sale of the Vessel for the purposes of the sale only up to the maximum of their preferred mortgage secured indebtedness asserted in its affidavit filed and served on all other parties not later than ten (10) days prior to the date of sale, without being required to deliver any earnest money to

ORDER FOR INTERLOCUTORY SALE
(C07-1111BHS) — 3
DWT 2144625v3 0084286-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

the Marshal, said bid, if successful, being deemed paid in full, for purposes of confirmation of the sale herein, on the date said bid of Plaintiff Young, is made provided that if the successful bidder at the sale, Plaintiff Young shall pay into the registry of the Court certified funds in an amount equal to the lesser of (a) the sum of (i) expenses of the custody and safekeeping of the Vessel due to third parties, (ii) the expenses and commissions due the U.S. Marshall in connection with the custody, safekeeping and sale of the Vessel, and (iii) when and as determined by final order of the Court the amount of preferred maritime liens, if any, against the Vessel senior and prior to the preferred maritime lien of plaintiff's preferred ship mortgage and (b) the amount of Plaintiff Young's successful bid;

(f) Neither the owner of the Vessel, nor anyone acting on its behalf, may bid at the sale without an order of the Court;

(g) The minimum opening bid on the Vessel shall be Seven Hundred Fifty Thousand Dollars ($750,000);

(h) After commencement of bidding at an amount equal to or greater than the minimum opening bid, bidding increments thereafter shall be in the amount of $10,000 or more; and it is further

ORDERED that said sale shall be subject to confirmation of the Court by order of the Court within five (5) court days, but no sooner than three (3) court days after the sale except in the event that written objections are properly and timely filed in accordance with the following provisions set out below, in which case the Court shall hold a hearing on confirmation of the sale; and it is further

ORDERED that if no such objections to sale are filed by the close of business on the third business day following said sale, the Clerk shall issue an order of such confirmation immediately upon *ex parte* application by the purchaser or any person or party representing the purchaser; and it is further

ORDER FOR INTERLOCUTORY SALE
(C07-1111BHS) — 4
DWT 2144625v3 0084286-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

ORDERED that objections to sale shall be filed by the close of business on the third court day following the sale, any party filing opposition to the sale shall give prompt notice to all other parties and the purchaser; and prior to filing an opposition such party shall secure the Marshal's endorsement upon said opposition documents acknowledging deposit with the Marshal of the necessary expense of keeping the Vessel for at least ten (10) days and, further, such party shall also advance any further expenses at such times and in such amounts as the Marshal shall request or as the Court orders upon application of the Marshal or one or more of the parties; and it is further

ORDERED that if an opposition to sale is filed in accordance with the above requirements, or if the successful bidder at such sale is in default, the Marshal, the objector, the bidder, or a party may move the Court for relief, and shall apply to the Court for an order fixing the date of the hearing and the manner of giving notice, and give written notice of the motion to the Marshal and all persons who have an interest; and it is further

ORDERED that upon the motion as aforesaid, the Court may confirm such sale, order a new sale, or grant such other relief as justice may require; and it is further

ORDERED that if the Court denies the aforesaid motion said party opposing the confirmation of the sale shall be responsible for payment of the necessary expenses of keeping the Vessel from the date of the filing of the opposition until the date of the confirmation of the original sale and said expenses shall not be recoverable as an administrative cost; and it is further

ORDERED that if the aforesaid opposition is sustained, sums deposited by the successful bidder at the sale shall be returned forthwith; and the sum deposited by the objector shall be applied to pay the fees and expenses of the Marshal in keeping the property until it is resold, and any balance remaining shall be returned to the objector, and the objector shall be reimbursed for the expense of keeping the Vessel from the proceeds of a subsequent sale; and it is further

ORDER FOR INTERLOCUTORY SALE
(C07-1111BHS) — 5
DWT 2144625v3 0084286-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington  98101-3045
(206) 622-3150  ·  Fax: (206) 757-7700

ORDERED that any person not the successful bidder at the sale, at any time prior to confirmation thereof, may upset any successful bid on the Vessel by depositing, in full, with the Marshal, certified check or cashier's check issued by a member bank of the Federal Reserve System, an amount which totals not less than ten percent (10%) higher than any earlier successful bid, except that plaintiff Young may submit an upset credit bid up to the maximum of its preferred mortgage interests and advances, without being required to deliver any earnest money to the Marshal, said bid being deemed paid in full on the date said bid is made, in an amount which totals not less than ten percent (10%) higher than any earlier successful bid, and the Marshal shall immediately, *ex parte* in writing, request the Court set a date for further auction and confirmation of the sale, said reopened auction and confirmation hearing to take place within ten (10) days of the filing of the written request by the Marshal, with written notice immediately to be given by the Marshal to the initial highest bidder, and bidders who qualify under this paragraph, and to all parties, of the highest bid submitted and the date set by the Court for the reopened auction and confirmation of sale; and it is further

ORDERED that at the hearing set for the reopened auction and confirmation of sale, the Marshal within the presence of the Court will reopen the auction to the initial successful bidder and any other bidders who have submitted bids in conformity with the next above paragraph and thereby qualify to bid at the reopened auction, and the auction will proceed in accordance with the terms of the initial auction as previously set forth herein insofar as not inconsistent with the provisions herein pertaining to the reopening of the auction and the confirmation thereof, except that the opening bid shall be the highest bid submitted to the Marshal in accordance with the next above paragraph, and the highest bidder upon completion of the reopened auction shall immediately, or as otherwise determined by the Court, submit the total amount of the bid to the Marshal, except that if plaintiff Young is the successful bidder, the credit bid shall be deemed paid in full upon

ORDER FOR INTERLOCUTORY SALE
(C07-1111BHS) — 6
DWT 2144625v3 0084286-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

confirmation by the Court, and the Court shall then confirm the sale at that time, and it is further

ORDERED that if the Plaintiff is the successful bidder, based upon its credit bid, or if another bidder is successful and creates a "cash" fund, the respective fund created shall be liable for payment only of claims or liens which are adjudged to be valid claims and liens in their respective order of priority and, in any event such liability of the Plaintiff's credit bid fund or the "cash" fund shall not exceed the amount of the respective fund, less authorized *custodia lexis* expenses, commissions, and administrative fees of the Marshal and of the Vessel's custodian; and it is further

ORDERED that if a party other than plaintiff Young is the successful bidder on the Vessel, the proceeds of sale deposited into the Registry of this Court shall be promptly invested by the Clerk of this Court in accordance with the standard practices of the Clerk of the Court, with a bank of the Clerk's choice, such fund to be invested and costs and expenses incurred by and for the Substitute Custodian, including costs, expenses and fees advanced by plaintiff Young for the protection, preservation, custody and sale of the Vessel, shall be deemed to be administrative expenses of the Marshal and shall be reimbursed immediately out of the proceeds of the sale, subject to Court approval; and it is further

ORDERED that the Marshal is hereby authorized to require advances to the extent deemed necessary by the Marshal to cover any costs and expenses directly required in connection with the sale of the Vessel's said costs and expenses to constitute administrative costs; and it is further

ORDERED that all custodial expenses of the Defendant Vessel incurred by or on behalf of the Marshal subsequent to the arrest of the Vessel, including custodial expenses incurred by the substitute custodian, shall be deemed to be administrative expenses of the Marshal and shall be reimbursed immediately out of the proceeds of the sale, subject to Court approval; and it is further

ORDER FOR INTERLOCUTORY SALE
(C07-1111BHS) — 7
DWT 2144625v3 0084286-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

ORDERED that all properly filed and perfected maritime liens and other interests permitted by law in accordance with their respective order of priority and with orders of this Court related thereto shall attach to the net proceeds of the sale of the Vessel, insofar as any said liens or interests have already attached to the *in rem* defendant at the time of the sale ordered herein; and it is further

ORDERED that no party in this proceeding does or shall be considered to have waived, as a result of entry of this Order, any rights to contest the validity, extent, or priority of any maritime lien or claim asserted by any other claimant.

IT IS SO ORDERED this 7th day of January, 2008.

_____
BENJAMIN H. SETTLE
United States District Judge

Presented by:

Davis Wright Tremaine LLP

By /s/ Richard J. Schroeder
    Richard J. Schroeder, WSBA #11958

Approved:

United States Marshall


By /s/ Michele Stiltner

ORDER FOR INTERLOCUTORY SALE
(C07-1111BHS) — 8
DWT 2144625v3 0084286-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Exhibit A

The Honorable Benjamin H. Settle

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NEIL YOUNG and MARGARET YOUNG, | IN ADMIRALTY |
| Plaintiffs, | No. C07-1111BHS |
| v. | **NOTICE OF SALE** |
| WN RAGLAND, Official No. 1162289, her Engines, Furnishings and Appurtenances, <u>in rem</u>; MANITOBA CORPORATION, and MICHAEL M. MOORE, and the marital community comprised of Michael M. Moore and Jane Doe Moore, <u>in personam</u>, | |
| Defendants. | |

UNITED STATES MARSHAL'S SALE, District of Western Washington. In Admiralty No. C07-1111-BHS. By Order of Sale of the United States District Court, District of Western Washington, entered _____, 2008, Notice is hereby given that I will sell by public auction on _____, 2008, at 10:00 a.m., the vessel WN RAGLAND, Official No. 1162289, her engines, machinery, and appurtenances at 4025 13th Ave. W., Seattle, Washington 98119. The minimum opening bid shall be Seven Hundred Fifty Thousand Dollars ($750,000). Sale will be to highest bidder for certified check, or cashier's check, of at least ten percent (10%) of the bid, at the time of

ORDER FOR INTERLOCUTORY SALE
(C07-1111BHS) — 9
DWT 2144625v3 0084286-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

sale, and balance due within three (3) days after confirmation of the sale or within three (3) days of the dismissal of any opposition which may have been filed, exclusive of Saturdays, Sundays and legal holidays.  If an objection to sale is filed within that time, the bidder is excused from paying the balance of purchase price until the sale is confirmed, and for a period of three (3) days thereafter.  If no written objection is filed within three (3) days of the date of sale, excluding Saturdays, Sundays and legal holidays, the sale shall be confirmed by order of the Court under Local Admiralty Rule E.  Notwithstanding any provision of this notice, plaintiff and mortgagee Neil Young and Margaret Young may bid at the sale of the vessel by way of credit bid up to the amount of their secured indebtedness as established by affidavit filed and served by plaintiffs Neil Young and Margaret Young no later than 10 days before the sale date in lieu of certified check, or cashier's check and, if the successful bidder, shall be required to deposit and pay in cashier's check only so much as shall exceed its lien claim.

DATED:_____.

_____
United States Marshal

ORDER FOR INTERLOCUTORY SALE
(C07-1111BHS) — 10
DWT 2144625v3 0084286-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons:

    Michael M. Moore
    Cribstone@aol.com

DATED this 20th day of December, 2007.

        Davis Wright Tremaine LLP
        Attorneys for Plaintiffs

    By  /s/ Richard J. Schroeder
        Richard J. Schroeder, WSBA #11958
        rickschroeder@dwt.com
        Davis Wright Tremaine LLP
        1201 Third Avenue, Suite 2200
        Seattle, Washington 98101-3045
        Telephone: (206) 757-8139
        Fax: (206) 757-7139

ORDER FOR INTERLOCUTORY SALE
(C07-1111BHS) — 11
DWT 2144625v3 0084286-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700